IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VANN L. BAILEY,　　　　　　　　　　)
　　　Petitioner,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　) Docket No. 2:09-cv-199
　　　　　　　　　　　　　　　　　　　)
COMMON PLEAS OF ALLEGHENY　　　　　)
COUNTY, et al.,　　　　　　　　　　　)
　　　Respondents.　　　　　　　　　　)

Memorandum and Order

Mitchell, M.J.:

Vann L. Bailey has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied. The petitioner will be granted leave to demonstrate why judgment should not be entered accordingly.

Bailey is presently incarcerated at the State Correctional Institution at Somerset serving an unspecified sentence imposed following his conviction, by a jury, of burglary, rape, possession of instruments of a crime, involuntary deviate sexual intercourse, recklessly endangering another person, terroristic threats and aggravated assault at No. CP-02-CR-0003434 of 1989[1], in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on February 26, 1990.[2]

---

[1] In the petition, Bailey incorrectly sets forth the Common Pleas Docket No. as 890343.

[2] See: Petition at ¶¶ 1-6 as amended by the Docket sheet of the Court of Common Pleas. While the petitioner fails to demonstrate the length of the sentence imposed, the docket sheet demonstrates that the petitioner was sentenced on several counts to ten to twenty year sentences

An appeal was taken to the Superior Court which Court affirmed the judgment of sentence on February 14, 1992.[3]

Bailey filed a first post-conviction petition on November 16, 1992 and relief was denied on January 10, 1994.[4] An appeal was taken to the Superior Court on February 2, 1994 and the denial of post-conviction relief was affirmed on October 18, 1995.[5] A second post-conviction petition was filed on August 25, 2004 and that petition was dismissed on October 28, 2004.[6] Bailey filed a third post-conviction petition on March 23, 2007 and that petition was likewise dismissed on September 21, 2007.[7] An appeal was taken to the Superior Court which affirmed the denial of relief on August 12, 2008 and leave to appeal was denied by the Pennsylvania Supreme Court on January 12, 2009.[8]

In the instant petition which was filed on February 18, 2009, Bailey contends he is entitled to relief on the following grounds:

> 1. The error of the trial court in not merging the aggravated assault and rape and involuntary deviate sexual intercourse charges and improperly considering the murder and the ejaculation of the defendant in the victim's mouth.
>
> 2. Denial of the effective assistance of counsel for failing to argue the merger issue and in failing to seek a change of venue due to pretrial publicity or arguing a

---

and on several to five to ten year sentences.

[3] See: Court of Common Pleas Docket No. CP-02-CR-0003434-1989.

[4] Id.

[5] Id.

[6] Id.

[7] Id.

[8] Id.

suppression motion based on a seizure of the petitioner's scalp and pubic hair without a warrant.

3. The prosecutor made false representations concerning the petitioner's brother at the time of sentencing.[9]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the judgment of sentence on February 14, 1992, and leave to appeal to the Pennsylvania Supreme Court was not sought. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on March 15, 1992. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. While the

---

[9] See: Petition at ¶ 12.

petitioner sought post-conviction relief in a timely manner, that relief was denied on January 10, 1994 and the denial of relief was affirmed by the Superior Court on October 18, 1995. Subsequently, on two later occasions, namely August 25, 2004 and again on March 23, 2007, the petitioner filed post-conviction petitions which were dismissed as time barred.[10] The instant petition was filed on February 18, 2009.

Since the affirmance of the denial of the first post-conviction petition occurred on January 10, 1994, Bailey would have had one year from April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act to seek relief here. However, he did not do so until February 2009 or almost twelve years after he could have done so. The fact that he subsequently submitted two untimely post-conviction petitions is irrelevant here since those petitions were not "properly filed".[11]

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

The petitioner is put on notice of this proposed disposition and in the objection process can provide the Court with any appropriate response he deems appropriate as mandated by the decision in United States v. Bendolph, 409 F.3d 155 (3d.Cir.2005).

For this reason, the petition of Vann L. Bailey for a writ of habeas corpus will be dismissed, and a certificate of appealability will be denied.

---

[10] See: Order of the Court of Common Pleas dated September 21, 2007.

[11] 42 Pa.C.S.A. § 9545(b)(1).

4

Within the time period set forth in the Notice of Electronic Filing, any party may serve and file written objections to this Memorandum and Order. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: March 25, 2009

s/Robert C. Mitchell,
United States Magistrate Judge

ORDER

AND NOW, this 25th day of March, for the reasons set forth in the foregoing Memorandum and Order, the petition of Vann L. Bailey for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

s/ Robert C. Mitchell
United States Magistrate Judge